```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X

MICHAEL TERWILLIGER,

                        Petitioner,
                                                MEMORANDUM AND ORDER
            - against -
                                                22 Civ. 9610 (NRB)
RESOURCE AMERICA, INC. and RESOURCE
FINANCIAL FUND MANAGEMENT, LLC,

                        Respondents.

----------------------------------------X
```
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Petitioner Michael Terwilliger ("petitioner" or "Terwilliger") brings this petition under Section 10 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10, to vacate an arbitration award and for attorneys' fees and costs associated with the petition. See Petition to Vacate Arbitration Award ("Pet."), ECF No. 9. For the reasons stated below, Terwilliger's petition is dismissed in its entirety as untimely.

## BACKGROUND

### A. Factual Background

This case arises from an employment compensation dispute between Terwilliger and his former employers, Resource America, Inc. and Resource Financial Fund Management, LLC (collectively, "respondents" or "Resource"), concerning Resource's refusal to pay Terwilliger 2019 and 2020 bonuses based on the alleged "PM

1

Compensation Formula" and provide him with equity in the fund he managed for Resource.[1]  See Pet. ¶¶ 27-28, 30-31; Arbitration Award (the "Award") at 3, ECF Nos. 4-1, 23-1.  To recover the allegedly unpaid bonuses and equity, Terwilliger commenced arbitration proceedings on July 19, 2021 against Resource in the American Arbitration Association's ("AAA") Employment Arbitration Tribunal in New York, New York.[2]  See Pet. ¶ 33; ECF No. 32-2 at 2.

After the parties exchanged discovery, completed depositions, and filed pre-hearing briefing, a two-day arbitration including testimony from four witnesses was held on May 3, 2022 and May 4, 2022 before a sole arbitrator, Lynne E. Fischman-Uniman.  See Pet. ¶¶ 34, 35; ECF No. 22 ("Opp.") at 6, 8.  On August 10, 2022, a final arbitration award was issued, rejecting all of Terwilliger's claims and finding that Terwilliger "shall not recover against

---

[1] Terwilliger worked as Portfolio Manager of Resource's Credit Income Fund ("CIF") from October 15, 2015 until October 31, 2020.  See Pet. ¶¶ 7, 29; Opp. at 7.  The terms of Terwilliger's employment were outlined in his offer letter, which identified his base salary and the bonus payments he would receive in 2015 and 2016.  See ECF No. 3 at 5, Opp. at 7-8.  Terwilliger claims that, in 2017, Resource began using the "PM Compensation Formula," which relied on various metrics to calculate his bonus payments.  See Pet. ¶¶ 11-20; ECF No. 3 at 7-9.  Terwilliger alleges that he received a 2017 bonus that aligned with the formula's calculation, and that his 2018 bonus exceeded the amount calculated using the formula.  See Pet. ¶¶ 17-20; ECF No. 3 at 9-10.  In 2019, however, Resource allegedly informed Terwilliger that it intended to sell the CIF and offered him a retention package, which did not utilize the formula.  See Pet. ¶¶ 22, 24; ECF No. 3 at 11-12.  Terwilliger declined to sign the retention agreement, see Pet. ¶ 23, but continued to work at Resource until the CIF was sold, see Pet. ¶ 29.  At the arbitration, the parties agreed that the formula was never documented in a formal writing amending or modifying the terms set forth in Terwilliger's offer letter but disagreed as to whether its use was discretionary.  See Award at 4, 4 n.3; Opp. at 8.

[2] Terwilliger alleges that he is owed an additional $501,500.00 in 2019 compensation and $477,083.33 in 2020 compensation.  See Pet. ¶¶ 27-28, 30-31.

2

[Resource]." See Award at 12; Pet. ¶¶ 36, 37. That same day, the Award was sent to counsel for both Terwilliger and Resource via email. See ECF No. 32-1 at 2.

### B. Procedural History

On November 10, 2022, Terwilliger filed this petition, see ECF No. 1 (as amended, ECF No. 9), and emailed a courtesy copy of the petition to counsel for Resource,[3] see ECF No. 23-2 at 2. On November 14, 2022, counsel for Resource responded to counsel for Terwilliger's November 10, 2022 email attaching the courtesy copy, stating: "These documents have not been served on my clients, have they ? [sic] You only emailed me a courtesy copy, as far as I can tell. Please let me know." ECF No. 23-3 at 2. Counsel for Terwilliger replied: "Service is being effected on your clients. If you prefer to accept service on their behalves please let us know. Otherwise, they are being served as required." Id. Counsel for Resource responded: "I am not authorized to accept service. Thanks." Id.

Following this exchange, on November 15, 2022 and November 17, 2022, Terwilliger's process server personally served Resource's registered agents. See ECF Nos. 18-20. On February 8, 2023, Resource was served by the U.S. Marshall, see ECF Nos. 33-34.

---

[3] Counsel for Resource was not asked to, and did not, consent to service of the petition via email. See Decl. of Robin L. Alperstein in Opposition ("Alperstein Decl."), ECF No. 23 ¶ 6.

3

Resource filed an opposition to Terwilliger's petition on December 8, 2022, see Opp., and Terwilliger filed a reply in support of his petition on December 14, 2022, see ECF No. 27 ("Reply").[4]  After requesting and receiving leave from the Court, see ECF No. 30, Resource filed a sur-reply in support of the opposition on December 28, 2022, see ECF No. 31 ("Sur-reply").

## LEGAL STANDARD

"Petitions to vacate an arbitration award are governed by the FAA." Dalla-Longa v. Magnetar Cap. LLC, No. 19 Civ. 11246 (LGS), 2020 WL 4504901, at *1 (S.D.N.Y. Aug. 4, 2020), aff'd, 33 F.4th 693 (2d Cir. 2022); accord Hall St. Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576, 582 (2008) ("The [FAA] . . . supplies mechanisms for enforcing arbitration awards: a judicial decree confirming an award, an order vacating it, or an order modifying or correcting it."). Under Section 12 of the FAA, "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12.  There are "[n]o exception[s] to this three month limitations period." Florasynth, Inc. v. Pickholz, 750 F.2d 171, 175 (2d Cir. 1984).  Accordingly, "a party may not raise a motion to vacate, modify, or correct an arbitration award after the three-month period has run." Id.

---

[4] The Court granted Resource's consented-to request for an extension of the deadline to respond to Terwilliger's petition until December 8, 2022. See ECF No. 21.

"If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court." 9 U.S.C. § 12; see also Fed. R. Civ. P. 5(b)(2)(E) ("A paper is served under this rule . . . by sending it to a registered user by filing it with the court's electronic-filing system or sending it by other electronic means that the person [served] consented to in writing."). "If the adverse party shall be a nonresident then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court." 9 U.S.C. § 12.

## DISCUSSION

Terwilliger's petition is dismissed as untimely as Resource was not served with notice of the petition within three months after the Award was filed or delivered, as is required by Section 12 of the FAA, 9 U.S.C. § 12. Given that the Award was issued and sent to the parties via email on August 10, 2022, see Award at 11, ECF No. 32-1 at 2, the deadline for service of the petition upon Resource was November 10, 2022.

Although Terwilliger's counsel emailed a courtesy copy of the petition to Resource's counsel on November 10, 2022, Terwilliger does not (and cannot) argue that email constituted effective service upon Resource under Section 12 of the FAA. See ECF No.

23-3 at 2 (email from Terwilliger's counsel acknowledging that service still needed to be effected after the courtesy copy of the petition was sent); Reply at 8 n.4 (stating that the November 10, 2022 courtesy copy of the petition is "irrelevant to the timeliness of Terwilliger's petition"). Indeed, it is undisputed that Resource did not consent in writing to email service of the petition. See Alperstein Decl. ¶ 6 (declaring that Resource did not consent orally or in writing to service via email); see also Dalla-Longa v. Magnetar Cap. LLC, 33 F.4th 693, 696 (2d Cir. 2022) (affirming dismissal of a petition to vacate an AAA employment arbitration award as untimely when the petition was only sent via email to the respondent on the last day of three-month service period); Martin v. Deutsche Bank Sec. Inc., 676 F. App'x 27, 28 (2d Cir. 2017) (summary order) (rejecting appellants' argument that "he timely effected service by attaching a copy of the petition to an e-mail to [appellees'] attorneys within the three-month period").

Rather, Terwilliger argues that the Award has never been "filed or delivered" under Section 12 of the FAA and thus the three-month service period has never started to run, rendering his service upon Resource's registered agents on November 15, 2022 and November 17, 2022 and by U.S. Marshall on February 8, 2023 timely.[5]

---

[5] The parties dispute whether Resource is a resident of the Southern District, and thus whether personal service on Resource's registered agents constituted effective service under Section 12 of the FAA. See Opp. at 11 n.5; Reply at 8

See Reply at 6-7.  Terwilliger relies on Rule 39(f) of the AAA's Employment Rules, which states:

> The parties shall accept as legal delivery of the award the placing of the award or a true copy thereof in the mail, addressed to a party or its representative at the last known address, personal service of the award, or the filing of the award in any manner that may be required by law.

ECF No. 25-2 at 25.  Based on Rule 39(f), Terwilliger, who has "neither received a copy of the Award by mail nor been personally served with a copy of the Award," ECF No. 26 ¶ 3, alleges that Section 12 of the FAA's service clock has not yet started to run.  Terwilliger is incorrect.

While it is true that this Court previously held that, per Rule 39(f), Section 12 of the FAA's three-month service period for a petition to vacate an AAA award was not triggered until the petitioner received the AAA's award by personal service or mail, Salus Cap. Partners, LLC v. Moser, 289 F. Supp. 3d 468, 476 (S.D.N.Y. 2018), that decision (and the other decisions cited by Terwilliger) preceded the Second Circuit's recent opinion in Dalla-Longa, 33 F.4th at 696.  Dalla-Longa similarly involved a petition to a vacate an AAA employment arbitration award, and there, the Second Circuit clearly stated that the three-month service period under Section 12 of the FAA began to run when the

---

n.5.  Because Terwilliger failed to serve Resource either in accordance with Federal Rule of Civil Procedure 5 or by U.S. Marshall before the November 10, 2022 deadline, the Court need not resolve this dispute.  See ECF Nos. 18-20, 33-34.

7

AAA award was issued.  See id. (providing that, because "the arbitration award was issued on September 9, 2019," the petitioner "thus had until December 9, 2019, to properly serve notice of any motion or petition to vacate the award").  In accordance with that ruling, courts in this Circuit, including this Court, have subsequently held that Section 12 of the FAA's three-month service clock starts when an award is issued, not when it is legally served upon the parties to the arbitration.  See e.g., Moster v. Credit Suisse Sec. (USA) LLC, No. 22 Civ. 999 (NRB), 2022 WL 4467626, at *7 (S.D.N.Y. Sept. 25, 2022) ("[I]t is undisputed that the 'clock' for the three-month period for service of the petition began ticking the day the award was issued."); Gross v. HSBC Bank USA, N.A., No. 21 Civ. 8636 (PAC), 2022 WL 2967630, at *2 (S.D.N.Y. July 27, 2022) ("Under the FAA, a losing party has three months following the issuance of an award to move to vacate or modify the award."); Kaplan v. Merrill Lynch Lynch, Pierce, Fenner & Smith Inc., No. 22 Civ. 1333 (ER), 2022 WL 2110391 at *3 (S.D.N.Y. June 10, 2022) (noting that three-month service period under Section 12 of the FAA began to run on the date the award was issued).

Moreover, here, the AAA informed the parties on August 5, 2021 that it "will communicate with the parties via email for all AAA communications, unless notified otherwise," and neither party claims to have objected to the use of email communications.  ECF Nos. 32 ¶¶ 4-5, 32-2 at 3.  Terwilliger does allege that "the

8

parties had a clear understanding that not all submissions were covered" by their agreement to use email communications, see Reply 8 n.3, but to support that contention merely cites to a September 24, 2021 letter from AAA to the parties, which actually provides "confirm[ation] that the parties ha[d] agreed to directly exchange and submit to the arbitrator any usual or expected correspondence, including such filings as motions, briefs, scheduling and postponement requests, and exhibit and witness lists . . . via e-mail," ECF No. 25-5 at 2. The letter goes on to say that "[c]ertain submissions are not covered by this arrangement," including "any challenges to the arbitrator's service and communications containing settlement offers or discussions." Id. However, the letter does not mention the delivery of an award, and thus does not support Terwilliger's argument.

Lastly, to the extent Terwilliger attempts to argue that the Court should excuse his failure to timely serve his petition on equitable grounds, see Reply at 8, the Court rejects that request. As the Second Circuit explained in Dalla-Longa, "Section 12 of the FAA provides no express exception to its strict three-month limitations period," and Terwilliger "has not shown any equitable reason for excusing his failure to serve his petition properly." 33 F.4th at 697-98. Indeed, while Terwilliger claims that a court holiday caused a delay between the filing of his November 10, 2022 petition and serving Resource's registered agents on November 15,

9

2022, he does not provide any explanation as to why he did not file his petition until the very last day of the strict three-month service period required by Section 12 of the FAA. <u>See</u> ECF Reply at 8. Furthermore, there is no dispute that Terwilliger's counsel understood that the courtesy copy of the petition sent to Resource's counsel on November 10, 2022 did not constitute effective service on Resource. <u>See</u> ECF No. 23-3 at 2; Reply at 8 n.4. The Court thus dismisses Terwilliger's petition in its entirety as untimely.[6]

## CONCLUSION

Accordingly, Terwilliger's petition is dismissed in its entirety. The Clerk of Court is respectfully instructed to enter judgment for respondents and close the case.

**SO ORDERED.**

Dated:   New York, New York
         May 22, 2023

_____
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

---

[6] Because the Court dismisses the petition as untimely, the Court need not reach the parties' remaining arguments for and against vacatur.